O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS P. TERRELL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 11-3392 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The sole disputed issue listed in the Joint Stipulation is whether the determination by the Administrative Law Judge ("ALJ") that plaintiff's only limitation was to unskilled work involved a misinterpretation of the opinion of the consultative examining psychiatrist, Dr. Goldsmith. (See Joint Stipulation ["Jt Stip"] at 3, 7, 10-11.) The Court now rules as follows with respect to that issue.[1]

---

[1]  As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

In his examination, Dr. Goldsmith opined that plaintiff had "moderate" limitations in the following areas: the ability to carry out detailed and complex instructions; the ability to interact with supervisors, co-workers, and the public; the ability to associate with day-to-day work activity, including attendance and safety; and the ability to adapt to the stresses common to a normal work environment. (See AR 219.) The ALJ referred to a form, HA 1152-U3, to define "moderate" as "more than a slight limitation in this area but is still able to function satisfactorily." (See AR 14.) Accordingly, the ALJ determined that plaintiff's limitations did not preclude him from performing a full range of unskilled work and therefore, he was not disabled pursuant to section 204.00 of the Medical-Vocational Guidelines ("Grids"). (See AR 17-18.)

Plaintiff claims that the ALJ's use of form HA 1152-U3 was improper because the record does not contain any such form or any other evidence of how Dr. Goldsmith was defining the term "moderate." (See Jt Stip at 6.) Accordingly, plaintiff argues that the ALJ should have recontacted Dr. Goldsmith for clarification before concluding that plaintiff was not disabled. (See Jt Stip at 8.) The Court rejects plaintiff's argument. The Commissioner has attached a copy of form HA 1152-U3, which indicates, consistent with the ALJ's interpretation, that "moderate" means that "there is more than a slight limitation in this area but the individual is still able to function satisfactorily." (See Jt Stip Exh. 1 at 1.) It is reasonable to conclude that Dr. Goldsmith's understanding of the term "moderate" was consistent with the definition provided on form HA 1152-U3, in light of the fact that the Commissioner regularly provides this form to consultative examining physicians. See HALLEX I-2-5-20 (listing form HA-1152 as among the documentation provided to consultative examining physicians). In any event, plaintiff has not proferred, nor is the Court aware of, any alternative definition of "moderate" that Dr. Goldsmith might have intended and that would have changed the ALJ's determination that plaintiff could function satisfactorily and therefore was not disabled. See Lacroix v. Barnhart, 465

F.3d 881, 888 (8th Cir. 2006) (affirming ALJ's determination that claimant's moderate mental limitations would not prevent her from functioning satisfactorily in that area); see also Beene v. McMahon, 226 Fed. Appx. 348, 350 (5th Cir. 2007) (holding that "the critical issue on appeal is **not** the precise definition of 'moderate' but whether the ALJ was properly able to assess" plaintiff's ability to work) (emphasis in original); Houck v. Astrue, 2011 WL 2690391, at *3 (M.D. Fla. July 11, 2011) (holding that ALJ's partial misstatement in defining "moderate" was immaterial because the fact "that the plaintiff can function satisfactorily is the ultimate criterion in determining whether he is disabled"). Accordingly, plaintiff has failed to convince the Court that recontacting Dr. Goldsmith would have served any useful purpose.

In addition, plaintiff claims that the ALJ misrepresented his Global Assessment of Functioning ("GAF") score of 50 as "very close to finding of moderate symptoms." (See Jt Stip at 7.) A GAF score of 41-50 indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." However, a GAF score of 51-60 indicates "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.). The Court finds that the ALJ's observation that plaintiff's GAF score of 50 was "very close to finding of moderate symptoms" (i.e., was very close to a score of 51-60, which indicates "moderate symptoms") was an accurate statement, not a misrepresentation.

Finally, plaintiff claims that, in finding him not disabled, the ALJ improperly relied on section 204.00 of the Grids instead of consulting a vocational expert, given the evidence of his non-exertional limitations as reflected in Dr. Goldsmith's opinion. (See Jt Stip at 8.) As noted, Dr. Goldsmith opined that plaintiff had moderate

1  limitations in various areas of mental functioning.  (See AR 219.)  However, the
2  Court finds that these limitations did not constitute "a sufficiently severe non-
3  exertional limitation that required the assistance of a vocational expert." See Hoopai
4  v. Astrue, 499 F.3d 1071, 1076-77 (9th Cir. 2007) (holding that vocational expert's
5  testimony was not required where plaintiff's mild or moderate depression resulted in
6  moderate limitations in maintaining attention and concentration for extended periods,
7  maintaining regular work attendance, completing a normal workday or workweek
8  without interruption from psychologically-based symptoms, and performing at a
9  consistent pace).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: February 13, 2012

*[signature]*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE